# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE WANSLEY,<br><br>　　　　　　　　　　　　Petitioner,<br>vs.<br>JIM HALL, Warden, Ironwood State Prison,<br><br>　　　　　　　　　　　　Respondent. | CASE NO. 05cv1638-IEG(LSP)<br><br>ORDER VACATING STAY; DISMISSING UNEXHAUSTED CLAIM; ORDERING RESPONSE REGARDING REMAINING CLAIMS |

This case was stayed on March 15, 2006 to allow Petitioner to exhaust state remedies regarding his claim of ineffective assistance of counsel based upon counsel's failure to investigate and present alibi evidence proving his innocence. Because Petitioner has failed to proceed diligently to exhaust such claim, the Court at this time lifts the stay, dismisses Plaintiff's unexhausted claim, and orders Respondent to file a response to Petitioner's remaining claims.

## *Procedural History*

Petitioner's original filing contained four claims for relief: (1) new evidence proved his innocence; (2) ineffective assistance of counsel based upon counsel's failure to conduct an investigation regarding the photographic lineup; (3) insufficiency of the evidence; and (4) prosecution misconduct based upon failure to provide exculpatory fingerprint report. [Doc. No. 1] Petitioner indicated Claims 1 and 4 had not been presented to the California Supreme Court. The First Amended Petition, filed on October 7, 2005, contained only two claims for relief: (1) ineffective assistance of counsel based upon both the failure to conduct an investigation regarding the photographic lineup and failure to investigate and present an alibi defense; and (2)

insufficiency of the evidence. Petitioner stated that both claims were exhausted. [Doc. No. 5.] However, Respondent filed a motion to dismiss, arguing Petitioner's claim of ineffective assistance of counsel based upon the failure to investigate and present an alibi defense was never presented to the California Supreme Court.

In response to the motion to dismiss, Petitioner acknowledged his ineffective assistance of counsel claim related to newly discovered evidence was not exhausted. [Doc. No. 17, p. 5; Doc. No. 19, p.5.] Petitioner asked that the Court hold his petition in abeyance and allow him time to exhaust the new claim. [Doc. No. 19.] Respondent opposed Petitioner's request for a stay. [Doc. No. 22.] On May 15, 2006, Magistrate Judge Papas granted Petitioner's motion to stay the case to allow Petitioner to exhaust his claim. Judge Papas ordered Petitioner to file a petition for a writ of habeas corpus with the appropriate state court within 30 days, and to provide proof to the Court when the California Supreme Court ruled on his newly discovered claim. [Doc. No. 25, pp. 14-15.]

On June 15, 2006, Petitioner filed a status report indicating he had filed a petition for a writ of habeas corpus with the San Diego County Superior Court. [Doc. No. 28.] Petitioner filed seven periodic status reports thereafter, between August 29, 2006 and November 28, 2007, indicating the San Diego County Superior Court had yet to take any action on the petition. [Doc. Nos. 29-32, 34, 38, and 40.] On December 14, 2007, Petitioner filed a status report stating he had just learned the San Diego County Superior Court denied his petition on August 17, 2006. [Doc. No. 41.] Petitioner's counsel stated he had sent a letter to Petitioner advising him of these events and seeking authorization to file a "second petition." [Id., p.2.]

On or before February 27, 2008, this Court determined from a check of the database of the California appellate courts that Petitioner had not filed any additional habeas corpus petitions in the California Court of Appeal or California Supreme Court. As a result, the Court issued an order to show cause why the stay should not be immediately lifted due to Petitioner's lack of diligence in seeking exhaustion. [Doc. No. 42.] The Court directed Petitioner to provide a file-stamped copy showing a habeas corpus petition has been filed *with the California Court of Appeal or California Supreme Court*, or explain why such filing has not yet been made.

1    On March 17, 2008, Petitioner filed a response to the order to show cause.  In the response,
2 Petitioner reiterates the confusion with regard to the Superior Court's denial of Petitioner's habeas
3 corpus petition.  Petitioner does not, however, state whether he has made any attempt to file a new
4 habeas corpus petition with the California Court of Appeal or California Supreme Court, to
5 exhaust his new claim so that it may be presented to this Court for review under 28 U.S.C. § 2254.

6                                                          *Discussion*

7    Although the Court stayed proceedings in this case to allow Petitioner to exhaust his state
8 court remedies with regard to Claim 1, Petitioner has failed to either exhaust his remedies or
9 proceed diligently to do so.  "A petitioner has satisfied the exhaustion requirement if: (1) he
10 has 'fairly presented' his federal claim to the highest state court with jurisdiction to
11 consider it, . . . or (2) he demonstrates that no state remedy remains available."  Johnson v.
12 Zenon, 88 F.3d 828, 829 (9th Cir. 1996)(citations omitted).  Although this case has been
13 stayed since May 15, 2006, Petitioner has yet to file any petition with the "highest state
14 court with jurisdiction to consider" his new claim.

15    Petitioner's lack of diligence justifies lifting the stay at this time.  Under long-standing
16 principles of equity, a lack of diligence by a federal petitioner may result in the Court's denial or
17 equitable relief.  Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005) (petitioner not entitled to
18 equitable tolling of statute of limitations because of lack of diligence in pursuing those claims);
19 Rhines v. Weber, 544 U.S. 269 (2005) (because of timeliness concerns expressed in AEDPA,
20 district court may place reasonable time limits upon petitioner's trip back to state court).

21    Petitioner in this case is represented by counsel who, after obtaining a stay in this Court,
22 filed an initial state habeas petition in the San Diego County Superior Court in June of 2006.  Rule
23 7.2.4 of the Rules Governing Proceedings states the court "will either summarily deny the petition
24 or issue an alternative order to show cause why the relief requested should not be granted" within
25 15 days of the filing of such a petition.  Nonetheless, Petitioner allowed more than 17 months to
26 pass before he checked with the San Diego County Superior Court regarding the status of the
27 petition.  Furthermore, since learning on December 7, 2007 that the Superior Court denied his
28 petition, Petitioner has let another four months pass without filing any additional petitions with the

California Court of Appeal or California Supreme Court in order to exhaust the new claims.

Therefore, the Court hereby lifts the stay of proceedings in this matter. The Amended Petition includes an unexhausted claim that Petitioner was denied the effective assistance of counsel based upon counsel's failure to investigate and present an alibi defense. Petitioner's other two claims, that his counsel was constitutionally ineffective for failing to conduct an investigation regarding the photographic lineup and that there was insufficient evidence to support the conviction, have been presented to the state's highest court and are therefore exhausted. Ordinarily, the Court would give Petitioner the option of dismissing his entire petition in order to pursue exhaustion of his new claims, so that all of his claims could be heard.[1] However, the statute of limitations under 28 U.S.C. § 2244(d) would prevent Petitioner from re-filing any of his claims.[2] Therefore, the Court hereby DISMISSES Petitioner's unexhausted claim[3] that his trial counsel was constitutionally ineffective for failure to investigate and present an alibi defense based upon newly discovered evidence and orders that the case shall proceed with regard to the remaining claims.

### *Conclusion*

For the reasons set forth herein, the Court hereby lifts the stay of this case, and DISMISSES Petitioner's unexhausted claim that his trial counsel was constitutionally ineffective for failure to investigate and present an alibi defense based upon newly discovered evidence.

Respondent shall file and serve an answer to the remaining claims in the Petition, as well

---

[1] Pursuant to 28 U.S.C. § 2254(b)(2), Petitioner may only file a second habeas corpus petition under very limited circumstances which the Court doubts would apply in this case.

[2] Petitioner's conviction became final on November 17, 2004, upon the expiration of the time for him to seek review by petition for a writ of certiorari to the United States Supreme Court. cite His federal habeas corpus petition was filed on August 17, 2005; however, such filing did not toll the statute of limitations. cite Petitioner did not file his state petition with the San Diego County Superior Court until June 13, 2006, [Doc. No. 28, p.20] well more than a year after his conviction became final. Therefore, if the Court were to dismiss this petition to allow him to exhaust his two claims, he would be barred from re-filing his petition at a later date.

[3] In the event Petitioner completes exhaustion of his new claim prior to a decision on the merits of his remaining claims, he *may* be able to amend his petition at that time in accordance with the requirements of Fed. R. Civ. P. 15. Rasberry v. Garcia, 448 F.3d 1150 (9th Cir. 2006) (in determining whether to allow amendment of habeas corpus petition, district court may consider whether there is any evidence of undue delay, bad faith or dilatory motive with respect to the filing of the amended petition).

as points and authorities in support of such answer, no later than May 16, 2008. At the time Respondent files the answer, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's remaining claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case – To Be Sent to the Clerk's Office."

Petitioner may file a traverse to matters raised in the answer no later than June 13, 2008. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition.

**IT IS SO ORDERED**.

**DATED: April 1, 2008**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

cc:     Counsel of Record

        Eddie Wansley, Jr.
        P-54870
        Ironwood State Prison
        PO Box 2199
        Blythe, CA  92226-2199